## PARTITION OF PERSONAL PROPERTY.

Circuit Court of Harrison County.

JOHN C. MARTIN v. WILLIAM M. EATON.*

Decided, 1912.

*Partition—Right of, Where Personal Property is Owned Jointly Not Dependent Upon a Statutory Provision.*

Where one of two or more joint owners of personal property which is susceptible of division has taken possession of such property and refuses to make a division thereof, an action in partition may be maintained in equity by one of the joint owners, and the share of each set off to him in severalty, if such share is ascertainable.

METCALFE, J.; FILLIUS, J., concurs.

This case comes before us on demurrer to the second amended petition.    This pleading avers, in substance, that the plaintiff and defendant are the joint owners of one hundred and twenty-two bushels of wheat, and that each is entitled to an undivided half interest therein, that the defendant has taken possession of the wheat and refuses to make a division thereof, claiming that he is entitled to more than one-half; and that it is the plaintiff's desire to have his share of the wheat set off to him in severalty, and he prays that partition be made of the joint property.

A demurrer is filed to this petition on the ground that the facts stated do not constitute a cause of action, and it is argued that under the law of Ohio no partition can be made of personal property, and that is the only question we have to decide on this demurrer.

It is true there is no statute authorizing this proceeding, at least our attention has been called to none, and so far we have been unable to find one.    But in the absence of such statute does it necessarily follow that such an action can not be maintained?

*NOTE.—Upon the trial of this case on the merits, at a subsequent term before Norris, Pollock and Metcalfe, JJ., the same conclusion was reached as to the right to partition as announced in the above opinion, and partition of the property was ordered.

It is the province of equity to deal with the rights of parties upon principles of natural justice, and when the right ought to be enforced, is clearly just and contravenes no statute or principle of law, surely the absence of a statute specifically defining such right, or establishing some particular method of procedure in obtaining it, or the want of a precedent, should not prevent the court from doing what seems to be equal and exact justice between the parties. When two parties own personal property in common, and it is easily susceptible of division, and the share of each is ascertainable, what more appropriate method can be conceived of disposing of a controversy about it than to divide it between them, and what sound principle can be urged against it? On principle we think the right to partition is clear, and we are not entirely without light from the authorities. *21 A. & Eng. Encl. of L.*, 1160; *Weeks* v. *Weeks*, 5 Iredell Eq., 111 (s. c. Am. Dec., 358) ; *Pell* v. *Ball*, Cheves Ch., 99; *Robinson* v. *Dickey*, 52 Am. St. Rep., 417; *Pickering* v. *Moore*, 68 Am. St. Rep., 695; *Wetmore* v. *Zabriskie*, 29 N. J. Eq., 62; *Perry* v. *Smith*, 42 N. J. Eq., 504.

The demurrer is overruled.